# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>JONATHAN ELDWON PARKS,<br><br>                            Petitioner. | No. 59661-0-II<br><br>UNPUBLISHED OPINION |

LEE, P.J. — In this personal restraint petition (PRP), Jonathan E. Parks challenges the Indeterminate Sentencing Review Board's (ISRB) decision finding him not releasable and adding 12 months to his minimum term. However, Parks' PRP is now moot. Accordingly, we dismiss Parks' PRP.

## FACTS

In 2003, Parks was convicted of second degree rape—domestic violence (DV), unlawful imprisonment—DV, and second degree theft. Parks was sentenced to 126 months to life on the second degree rape charge.

In 2021, the ISRB released Parks, but his release was revoked less than six months later. In 2022, the ISRB found that Parks was not releasable and added 24 months to his minimum term.

Parks filed a PRP challenging the ISRB's 2022 releasability decision. The ISRB decided to hold a new releasability hearing to ensure that its decision complied with the requirements of *In re Personal Restraint of Dodge*, 198 Wn.2d 826, 502 P.3d 349 (2022). Because the ISRB had decided to hold a new releasability hearing, this court dismissed Parks' PRP challenging the 2022 releasability decision.

In May 2023, the ISRB held a releasability hearing and determined that Parks was not releasable. Parks filed this PRP challenging the ISRB's 2023 releasability decision. In January 2025, this court appointed counsel and referred Parks' PRP to a panel of judges for consideration.[1]

In February 2025, the ISRB held a releasability hearing and found Parks releasable. The ISRB filed a motion to dismiss Parks' PRP, which challenges the 2023 releasability decision, as moot. A commissioner of this court ruled that the ISRB's motion to dismiss should be considered by a panel of judges.

ANALYSIS

We will dismiss a case if it is moot. RAP 18.9(c). "'A case is moot if a court can no longer provide effective relief.'" *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (quoting *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105, *cert. denied*, 516 U.S. 843 (1995)).

Following the ISRB's 2025 releasability decision, we can no longer grant Parks effective relief on his challenge to the ISRB's 2023 releasability decision because the 2023 decision is no longer restraining Parks. The only remedy available to Parks in this PRP is reversal of the ISRB's 2023 releasability decision and remand for a new releasability hearing, which has already occurred. *See Dodge*, 198 Wn.2d at 845. Because we cannot provide any effective relief on Parks' challenge to the ISRB's 2023 releasability decision, Parks' PRP is moot. Accordingly, we dismiss Parks' PRP.

---

[1] In April 2025, this court granted Parks' motion to proceed as self-represented due to his frustrations related to the delay in appointing counsel.

No. 59661-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Glasgow, J.

Che, J.

3